FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 FEB -4 AM 10: 13

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| FREDERICK ALLEN ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-113 |
| | ) | |
| DANNY POWELL and CHRIS BRACEWELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. The matter is currently before the Court on Defendant Powell's motion to dismiss, (doc. no. 157), and Defendant Bracewell's motion for summary judgment, (doc. no. 174). Plaintiff opposes both motions. (See doc. nos. 162, 179). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, that the motion for summary judgment and Plaintiff's outstanding motions be deemed **MOOT**, and that this civil action be **CLOSED**.

### I. BACKGROUND

The Honorable William T. Moore, Jr., Chief United States District Judge, transferred this case to the Dublin Division upon dismissal of the following Defendants from this action: State of Georgia; Department of Probation; Mark Bowers, Probation Officer for Laurens

County; Michael Taylor, Probation Officer for Ware County; Terry Hood, Probation Officer for Montgomery County; County of Laurens, Georgia; Sheriff of Laurens County, Georgia; and Steve Jackson, Judge for the Superior Court of Pierce County. The remaining Defendants in this case are Danny Powell, Probation Officer for Laurens County, and Chris Bracewell, Deputy for Laurens County. Plaintiff claims that these two Defendants violated his Fourth Amendment rights because (1) Defendant Powell arrested him on two separate occasions without having secured an arrest warrant, and (2) Defendant Bracewell obtained a false arrest warrant against him and testified against him at a probation revocation hearing. (See generally doc. nos. 1, 56).

Plaintiff's claims stem from the following sequence of events. On May 9, 2006, Plaintiff pled guilty in the Superior Court of Pierce County to one count of enticing a child for indecent purposes and one count of influencing a witness. (See doc. no. 157, Ex. A). Plaintiff was sentenced to a term of probation, and as part of his sentence, Plaintiff agreed to several conditions of his probation, including: no contact with minors, no violation of criminal laws of any governmental unit, submission to a polygraph, participation in a sex offender evaluation and treatment program, and a prohibition on changing his residence without prior approval by his probation officer. (Id.). Plaintiff also agreed to submit to search of his person or property by a probation officer or any other peace officer at any point, with or without consent or a search warrant. (Id.).

Plaintiff alleges that on October 31, 2006, Defendant Powell, who was accompanied by fellow probation officer Mark Bowers, performed an illegal search of his residence and computer and thereafter arrested Plaintiff without a warrant. (Doc. no. 1, p. 12). However,

2

an arrest warrant was issued for Plaintiff that same day as a result of the search[1] based on violations of various terms and conditions of his probation, including: having contact with a minor child under the age of 18, failing to attend sex offender counseling, failing to submit to a polygraph examination, possessing a photograph of a partially nude female in his residence, having a relationship with a female under the age of 18, and subscribing to the internet without prior approval by his probation officer. (Doc. no. 157, Ex. B). On February 20, 2007, the Honorable Stephen Jackson, Judge for the Superior Court of Ware County concluded that Plaintiff had violated the conditions of his probation, revoked his probation, and sentenced him to a term in the Department of Corrections Probation Detention Center. (Id., Ex. C).

Plaintiff was released from detention on July 2, 2007 and alleges that in mid-July 2007, he was again subjected to a warrantless arrest by the Dublin Probation Office. (See doc. no. 56, p. 1). On July 11, 2007, a probation officer arrived to inspect the trailer that Plaintiff was renting in Montgomery County, even though Plaintiff had never received permission from his probation officer to move there from his parents' home. (Doc. no. 174, p. 9). Plaintiff had also failed to register as a sex offender in Montgomery County. (Id.). Upon learning Plaintiff was a sex offender, Plaintiff's landlord evicted him, prompting Plaintiff to drive to Macon, Georgia, where he attempted to kill himself by washing down an overdose of prescription medication with alcohol. (Id.). While attempting to commit suicide, Plaintiff made a threatening phone call to Mark Bowers, his probation officer; Plaintiff claims to be unable to remember this call. (Id. at 9-10).

---

[1]Though Plaintiff's arrest occurred prior to the issuance of the warrant, O.C.G.A. § 42-8-38 permits such arrests by probation officers "[w]henever, within the period of probation, a probation supervisor believes that a probationer under his supervision has violated his probation in a material respect."

On July 16, 2007, Defendant Bracewell swore out an arrest warrant for Plaintiff for once again violating the terms of his probation, including: committing the offense of terroristic threats against a law enforcement officer and moving without the permission of his probation officer. (Doc. no. 174, p. 10; doc. no. 157, Ex. D). In support of the arrest warrant, Defendant Bracewell detailed the sequence of events described in the preceding paragraph. Plaintiff claims Defendant Bracewell gave false testimony and perjured himself in obtaining this warrant. (See doc. no. 1, p. 22). A second probation revocation hearing was held on August 30, 2007, at which time Judge Jackson, who was presiding in Pierce County, heard the testimony of Plaintiff and Defendant Bracewell. On September 4, 2007, Judge Jackson again concluded that Plaintiff had violated the conditions of his probation and revoked his probation. (Doc. no. 157, Ex. E; doc. no. 174, Ex. A). Plaintiff is currently incarcerated as a result of this second revocation and alleges that Defendants Powell and Bracewell are responsible for these revocations and have wrongfully deprived him of his freedom. (Doc. no. 1, pp. 12, 22).

## II. DISCUSSION

### A. Applicable Legal Standard

Defendant Powell has moved to dismiss Plaintiff's claims against him for, *inter alia*, lack of subject matter jurisdiction under the Rooker-Feldman doctrine. See generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia v. Feldman, 460 U.S. 462 (1983). Defendant Bracewell has moved for summary judgment on the same ground. The Eleventh Circuit has held that where a plaintiff's claims are barred under Rooker-Feldman, a court must dismiss the case rather than granting summary judgment, because upon determining that the Rooker-Feldman doctrine applies, the court lacks jurisdiction to proceed. Burt Dev. Co. v. Bd. of Comm'rs, 230 Fed. App'x 910, 914 (11th Cir. 2007) (citing Goodman v. Sipos,

4

259 F.3d 1327, 1332 n.6 (11th Cir. 2001)). Because both Defendants have claimed that subject matter jurisdiction in this matter is lacking under the Rooker-Feldman doctrine, the Court considers their arguments pursuant to the standard applicable to motions to dismiss for lack of subject matter jurisdiction, rather than the summary judgment standard.

Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be based on either a "facial" or "factual" challenge to the complaint. McElmurray v. Consol. Gov't, 501 F.3d 1244, 1251 (11th Cir. 2007). Where the challenge is facial, a court is only required to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction," id. at 1251, and "the court must consider the allegations in the plaintiff's complaint as true." Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981).[2] On the other hand, factual attacks "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" McElmurray, 501 F.3d at 1251 (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)); see also Ali v. Fed. Bureau of Prisons, 204 Fed. App'x 778, 779 (11th Cir. 2006) ("In determining whether subject matter jurisdiction exists, a court is permitted to investigate widely and has authority to look beyond the pleadings.").

Here, Defendants have made a factual attack on Plaintiff's complaint because they have alleged lack of subject matter jurisdiction under the Rooker-Feldman doctrine. See generally Christophe v. Morris, 198 Fed. App'x 818 (11th Cir. 2006) (affirming district court's decision to dismiss plaintiff's complaint where the lower court had considered Rooker-Feldman as a

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

factual attack on its subject matter jurisdiction). Accordingly, this Court may properly consider evidence outside the pleadings in determining whether Plaintiff's complaint should be dismissed.

**B.    The Rooker-Feldman Doctrine**

Both Defendants claim that Plaintiffs claims are barred because this Court lacks subject matter jurisdiction to consider them under the Rooker-Feldman doctrine. The United States Supreme Court has determined that a federal district court has no authority to review the final judgments of a state court in judicial proceedings. Rooker, 263 U.S. at 415-16; Feldman, 460 U.S. at 482. Review of such judgments may occur only in the United States Supreme Court. Feldman, 460 U.S. at 482. Thus, to the extent a party files suit in federal court seeking relief from a final judgment of a state court, the district court lacks jurisdiction to adjudicate the case. Id.

The Rooker-Feldman doctrine applies to (1) claims actually raised in state court and (2) claims that were not raised but are "inextricably intertwined" with the state court's judgment. Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996) (citing Feldman, 460 U.S. at 482 n.16). If either of these circumstances applies to the litigation in federal court, the district court lacks subject matter jurisdiction and is barred from adjudicating the case on the merits. Nevertheless, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Id. (citing Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*)). In resolving this

relationship, a court must focus on the federal claim's relevance to the issues involved in the state court proceeding instead of on the relief sought by the plaintiff in the federal proceeding. Id. at 1333.

C.     **Claims Against Defendants Powell and Bracewell**

In the instant case, the Court determines that it lacks jurisdiction to consider Plaintiff's claims against Defendants Powell and Bracewell. Plaintiff's allegations against Defendants stem from events surrounding two of Plaintiff's arrests for violation of the terms and conditions of his probation. As noted above, Plaintiff has alleged that Defendant Powell arrested him without a valid arrest warrant on two separate occasions and that Defendant Bracewell swore out a false arrest warrant on one of those occasions. These arrest warrants resulted in the revocation of Plaintiff's probation and his current incarceration, a sentence imposed by the Superior Court of Pierce County, Georgia.

In applying the Rooker-Feldman doctrine, the Court finds that Plaintiff did in fact raise his federal claims in a state court proceeding. Following Plaintiff's arrests in October 2006 and July 2007, he was afforded an opportunity to challenge the basis of these arrests at probation revocation hearings. In particular, the Court notes that both Defendants testified at Plaintiff's second probation revocation hearing. (See doc. no. 174, Ex. B). As a result, Plaintiff was able to question them regarding their conduct and the events leading to his arrest, which actions also form the basis of the instant complaint. (Id.). As such, the Court concludes that Plaintiff not only had the opportunity to raise his claims in the state court proceedings, but in fact took advantage of that opportunity and raised those claims.

Even assuming *arguendo* that Plaintiff did not raise his federal claims in state court, the Court has no difficulty finding that Plaintiff's claims against Defendants Powell and

7

Bracewell are "inextricably intertwined" with the state court's judgments revoking his probation such that this Court lacks jurisdiction to consider his claims. The judgments imposed by the Superior Court of Pierce County were based on the probation violations that also served as the probable cause for Plaintiff's arrests. Therefore, Plaintiff's challenges to the constitutionality of his arrests in this § 1983 action also directly challenge the state court's findings that there was probable cause to believe Plaintiff had violated his probation, which determination resulted in the revocation of his probation. If this Court were to find that Defendants acted unconstitutionally and without probable cause in arresting Plaintiff and in swearing out the arrest warrant against him, such a decision would clearly imply that the state court erred in deciding to revoke Plaintiff's probation. Accordingly, the Court determines that Plaintiff's claims are so "inextricably intertwined" with the state court's judgment that it lacks the authority to adjudicate these claims.

In sum, Plaintiff's case should be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine because (1) Plaintiff had raised his federal claims in the state court proceedings and (2) Plaintiff's claims against Defendants Powell and Bracewell are "inextricably intertwined" with the state court's decisions to revoke his probation.[3, 4]

---

[3] Because the Court recommends dismissal of this action for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, it does not address Defendants' remaining arguments based on Heck v. Humphrey, 512 U.S. 477 (1994), collateral estoppel, or qualified immunity. (See generally doc. nos. 157, 174).

[4] Since the Court lacks subject matter jurisdiction to consider Plaintiff's claims, Plaintiff's outstanding motions, which in no way impact the analysis set forth herein, should be deemed **MOOT**. (Doc. nos. 161, 180, 182, 186, 189, 195).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED,** that the motion for summary judgment and Plaintiff's outstanding motions be deemed **MOOT,** and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 4th day of February, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE